IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Deon Jermaine Burgess, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 7:17-3343-HMH-KFM |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Brendall K. Mathis, William Reece, | ) | |
| Edgar V. Guthro, and Regina L. Nowak, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Deon Jermaine Burgess ("Burgess"), proceeding pro se, brings this action alleging claims under 42 U.S.C. § 1983. Defendants Brendall K. Mathis ("Mathis"), William Reece ("Reece"), Edgar V. Guthro ("Guthro"), and Regina L. Nowak[2] ("Nowak") (collectively "Defendants"), filed a motion for summary judgment and a motion to stay discovery. Burgess also filed a motion for summary judgment. In his Report and Recommendation, Magistrate Judge McDonald recommends granting Defendants'

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

[2] The court notes that Defendant Nowak has been incorrectly identified as "Reginald L. Nowak."

1

motion for summary judgment, denying Burgess' motion for summary judgment, and dismissing Defendants' motion to stay discovery as moot.

## I. FACTUAL AND PROCEDURAL HISTORY

In the amended complaint, Burgess alleges claims under § 1983 for malicious arrest, malicious prosecution, abuse of process, negligent supervision, and false imprisonment against Defendants based on his 2016 state arrest for distribution of crack cocaine. (Am. Compl. 3, ECF No. 17.) On June 1, 2015, Burgess sold a quantity of crack cocaine to a confidential informant, and the transaction was captured by police audio and video equipment provided to the informant by Spartanburg City Police Department. (Defs.' Mot. Summ. J. Attach. 2 (Mathis Aff. ¶¶ 5-8), ECF No. 45-2.) On August 4, 2015, a warrant was issued for Burgess' arrest for distribution of crack cocaine. (Id. Attach. 5 (Warrant), ECF No. 45-5.) Upon learning of the warrant, Burgess turned himself in on February 15, 2016. (R&R 2, ECF No. 61.) Burgess was indicted for distribution of crack cocaine on August 19, 2016, in the Spartanburg County, South Carolina Court of General Sessions. (Defs.' Mot. Summ. J. Attach. 6 (Indictment), ECF No. 45-6.) According to the prosecutor's notation on the indictment form, the charges against Burgess were eventually dismissed nolle prosequi because the confidential informant could not be located to serve as a witness at trial. (Id. Attach. 6 (Indictment), ECF No. 45-6.)

Burgess filed this complaint on December 11, 2017. (Compl., ECF No. 1.) Burgess filed an amended complaint on March 20, 2018. (Am. Compl., ECF No. 17.) Defendants filed a motion for summary judgment on August 29, 2018. (Defs.' Mot. Summ. J., ECF No. 51.) On September 24, 2018, Burgess filed his response, as well as a motion to compel discovery and a motion for summary judgment. (Resp. Opp'n Defs.' Mot. Summ. J., ECF No. 48; Mot. Compel,

2

ECF No. 50; Burgess Mot. Summ. J., ECF No. 51.) On October 9, 2018, Defendants filed their reply and response in opposition to Burgess' motion to compel and motion for summary judgment. (Reply, ECF No. 59.) Defendants also filed a motion to stay discovery on October 9, 2018. (Mot. Stay, ECF No. 60.) The magistrate judge issued the Order and Report and Recommendation on October 16, 2018. (R&R, ECF No. 61.)

The magistrate judge denied Burgess' motion to compel. (Id. 7, ECF No. 61.) Further, the magistrate judge recommends granting Defendants' motion for summary judgment and denying Burgess' motion for summary judgment because probable cause existed to issue the warrant for Burgess' arrest. (Id. 4-5, ECF No. 61.) The magistrate judge further recommends finding that qualified immunity shields all Defendants from any potential liability because Burgess has not shown that his constitutional rights were violated. (Id. 7, ECF No. 61.) Finally, he recommends dismissing Defendants' motion to stay discovery as moot. (Id., ECF No. 61.)

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

### B. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Upon review, the court finds that many of Burgess' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean two specific objections. Burgess objects (1) to the magistrate judge's finding that probable cause existed to support the warrant for Burgess' arrest and (2) to the magistrate judge's analysis of a claim for false arrest instead of malicious arrest. (Objs. ¶¶ 2, 4, ECF No. 64.)

First, Burgess asserts that the magistrate judge did not consider his entire argument regarding the lack of probable cause to support Burgess' arrest. (Id. ¶ 2, ECF No. 64.) Probable cause is determined by a "totality-of-the-circumstances" approach. Illinois v. Gates, 462 U.S. 213, 230 (1983). "The probable-cause inquiry turns on two factors: 'the suspect's conduct as known to the officer, and the contours of the offense thought to be committed by that conduct.'" Smith v. Munday, 848 F.3d 248, 253 (4th Cir. 2017) (quoting Graham v. Gagnon, 831 F.3d 176, 184 (4th Cir. 2016)). "A court should only consider the information the officers had at the time they sought the warrant." Id. Burgess alleges that procedural discrepancies involving "rule 6 proper protocols" and police documentation forms prevent finding that probable cause existed to support the warrant. (Objs. ¶ 2, ECF No. 64.) However, when Mathis sought the arrest warrant, he possessed video evidence of Burgess selling an "off-white rock like substance" purported to be crack cocaine to a confidential informant, and the substance field tested positive for cocaine base. (Defs.' Mot. Summ. J. Attach. 2 (Mathis Aff. ¶¶ 5-8), ECF No. 45-2.) Thus, Mathis had probable cause to seek Burgess' arrest warrant under the totality of the circumstances.

Second, Burgess asserts that the magistrate judge mistakenly analyzed his claim for malicious arrest as a claim for false arrest. (Id. ¶ 4, ECF No. 64.) To the extent that malicious arrest is a viable cause of action in South Carolina, this is a distinction without significance because a claim for malicious arrest, like false arrest, requires a showing of a lack of probable cause. Campbell v. O'Bryan, 43 S.C.L. 204, 206 (S.C. Ct. App. L. 1856) (requiring a showing of malice and lack of probable cause to sustain an action for malicious arrest). As discussed above, there was probable cause to support Burgess' arrest warrant. Thus, Burgess cannot maintain a

claim for either malicious arrest or false arrest. Accordingly, Burgess' objections are without merit.[3]

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts the Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Defendants' motion for summary judgment, docket number 45, is granted. It is further

**ORDERED** that Burgess' motion for summary judgment, docket number 51, is denied. It is further

**ORDERED** that Defendants' motion to stay, docket number 60, is denied as moot.

**IT IS SO ORDERED.**

                                               s/Henry M. Herlong, Jr.
                                               Senior United States District Judge

Greenville, South Carolina
November 8, 2018

---

[3] Although not specifically addressed in the Report and Recommendation or specifically objected to by Burgess, the court further finds that Burgess' claim for abuse of process is without merit because there is no evidence to support the claim that any of the Defendants acted with an improper purpose or ulterior motive. See Huggins v. Winn-Dixie Greenville, Inc., 153 S.E.2d 693, 694 (S.C. 1967) ("[A]n abuse of process is the employment of legal process for some purpose other than that which it was intended by the law to effect–the improper use of a regularly issued process."). Further, Burgess' claim for false imprisonment is without merit because probable cause existed to support his arrest. See McPhearson v. Anderson, 874 F. Supp. 2d 573, 580 (E.D. Va. 2012) (noting that claims for false arrest or false imprisonment brought under § 1983 are properly analyzed as unreasonable seizures under the Fourth Amendment and that a seizure or arrest supported by probable cause does not violate the Fourth Amendment); see also Baker v. McCollan, 443 U.S. 137, 142 (1979) ("[T]he Fourth Amendment requires the States to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty.").

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.